UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDON CARLTON,

    Plaintiff,

v.                                            Case No.:  8:20-cv-1423-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Brandon Carlton seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for child's insurance benefits and supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.     Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.     Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

To be entitled to child's insurance benefits, a claimant must have a disability that began before the age of 22 years old. *See* 41 U.S.C. § 402.

    **B.     Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its

judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

To be eligible for child insurance benefits, the ALJ must first determine whether a claimant has attained the age of 22 as of the alleged onset date. The ALJ then must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R.

§ 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work

that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff filed an application for supplemental security income on February 1, 2017, and an application for child's insurance benefits on October 24, 2017, alleging disability beginning on March 1, 2014. (Tr. 122, 256-57, 248-53). The applications were denied initially and upon reconsideration. (Tr. 50, 122, 136). Plaintiff requested a hearing and on April 23, 2019, a hearing was held before Administrative Law Judge Yvette N. Diamond. (Tr. 73-113). On May 31, 2019, the ALJ entered a decision finding Plaintiff not under a disability from March 1, 2014, through the date of the decision. (Tr. 50-59).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on April 24, 2020. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on June 20, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 18).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff was born in January 1999, and had not attained the age of 22 as of March 1, 2014, the alleged onset date. (Tr. 52). At step

one of the sequential evaluation, the ALJ found that Plaintiff had engaged in substantial gainful activity since March 1, 2014, the alleged onset date, but there had been a continuous 12-month period during which Plaintiff had not engaged in substantial gainful activity. (Tr. 52). At step two, the ALJ found that Plaintiff had the following severe impairment: "seizure disorder." (Tr. 53). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 53).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non[-]exertional limitations: The claimant cannot climb ladders and is unable to operate a motor vehicle. He cannot have concentrated exposure to vibration or hazards.

(Tr. 54). The ALJ found Plaintiff was capable of performing his past relevant work as a kitchen helper. (Tr. 57).

Alternatively at step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (15 years old on the alleged onset date and 20 years old on the date of the decision), education (tenth grade), work experience, and RFC, there are jobs that existed in significant numbers in the

national economy that Plaintiff could perform. (Tr. 57). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1) dining room attendant, DOT 311.677-018,[1] medium, unskilled, SVP 2

(2) small parts assembler, DOT 706.684-022, light, unskilled SVP 2

(3) order clerk, DOT 209.567-014, sedentary unskilled, SVP 2

(Tr. 58). The ALJ concluded that Plaintiff had not been under a disability from March 1, 2014, through the date of the decision. (Tr. 58).

## II. Analysis

On appeal, Plaintiff raises a single issue: whether substantial evidence supports the Appeals Council's denial of review. (Doc. 27, p. 4).[2] After the ALJ's decision dated May 28, 2019, Plaintiff submitted additional evidence to the Appeals Council from AdventHealth Zephyrhills hospital dated June 6, 2019. (Doc. 27, 5-6; Tr. 20-46). This medical record reflects that Plaintiff sought emergency medical care due to having a series of seizures. (Tr. 20).[3] Plaintiff argues that although the

---

[1] "DOT" refers to the Dictionary of Occupational Titles.

[2] In the Joint Memorandum, Plaintiff states that concurrently with submitting the Joint Memorandum, he will also be submitting a motion to remand under sentence six, which relates to medical records from July 20, 2020, indicating that Plaintiff had seizures in December 2019, February 2020, and April 2020. (Doc. 27, p. 6). The docket does not reflect that such a motion was filed nor were these medical records submitted. As a result, the Court will not address any such arguments related to a sentence six remand or to these additional medical records.

[3] Plaintiff also submitted to the Appeals Council follow-up medical records from Daynet Vega, M.D. of Watson Clinic dated May 17, 2019 and June 12, 2019. (Tr. 13-19, 65-72). But Plaintiff did not cite these records in support of his argument and without citation, the Court cannot determine what portions of these records, if any, support Plaintiff's argument. (Doc. 27, p. 4-6).

hospitalization was after the ALJ's decision, the Appeals Council should have considered this medical record because this additional record may show that for vocational purposes, Plaintiff's seizures would be too frequent to be tolerated by an employer. (Doc. 27, p. 5). Plaintiff speculates that with this additional medical record, the ALJ may have found that for twelve continuous months between December 2018 and December 2019, Plaintiff would not have been able to engage in substantial gainful activity due to the frequency of the seizures and the "possible" time needed to recover from the seizures. (Doc. 27, p. 5-6).

The Commissioner argues Plaintiff's challenge is too speculative and ignores the relevant period for his claim. (Doc. 27, p. 7). The Commissioner claims the Appeals Council properly found that the additional medical record did not relate to the period at issue. (Tr. 27, p. 7).

"'With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007)). The Appeals Council is not required to give a detailed explanation or further address each piece of new evidence individually. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018) (citing *Mitchell v. Comm'r,*

*Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014)). Even though the Appeals Council has the discretion not to review an ALJ's denial of benefits, it must consider "'new, material, and chronologically relevant evidence' that the claimant submits" *Id.* (quoting *Ingram*, 496 F.3d at 1261; citing 20 C.F.R. § 404.970(b)). New evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's decision. *Hargress*, 883 F.3d 1302 at 1309 (citing 20 C.F.R. §§ 404.970(b), 416.1470(b) (2016)). "Evidence is material if a reasonable possibility exists that the evidence would change the administrative result." *Id.* (citing *Washington*, 806 F.3d at 1321). If the ALJ's decision is contrary to the weight of the evidence – including the new evidence – then the Appeals Council must grant the petition for review. *Id.*

Here, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). As to the June 5, 2019 AdventHealth Zephyrhills hospital record,[4] the Appeals Council determined that "[t]he Administrative Law Judge decided your case through May 31, 2019. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before May 31, 2019." (Tr. 2).

There is no dispute that the AdventHealth Zephyrhills hospital record is new. For this record to be chronologically relevant, it must relate to a period on or before

---

[4] AdventHealth Zephyrhills hospital was apparently formerly known as Florida Hospital Zephyrhills. (Tr. 2, 20).

the date of the ALJ's decision. This record does not. The ALJ was well aware that Plaintiff had seizures periodically, noting that previously he had five to six seizures a year and more recently had three seizures per year. (Tr. 55). The hospital record indicates that Plaintiff again had two seizures in the morning that resolved after a minute or two. (Tr. 29). While it is clear that Plaintiff suffers from epilepsy, these June 2019 seizures do not specifically relate to any of the past seizures.

And even if they did, Plaintiff has not shown that this evidence is material such that it would change the administrative outcome. Plaintiff merely speculates that if the ALJ knew of these additional seizures, he "may have found" that Plaintiff was unable to engage in substantial gainful activity. (Doc. 27, p. 6). Yet the ALJ knew that Plaintiff suffered from periodic seizures, was treated for a seizure disorder, and medication helped control this condition. (Tr. 55). The ALJ also noted that Plaintiff played sports, went to the gym, cleaned, did laundry, mowed the lawn, raked leaves, painted the house, swept, mopped, pressure washed the house, went grocery shopping, dined out, went to movies, went on trips, took care of dogs, took care of his young son, as well as participated in other activities. (Tr. 55-56). The ALJ found that some of the physical and mental abilities and social interactions required to perform these activities are the same as those necessary for obtaining and maintaining employment. (Tr. 56). The ALJ also included several seizure precaution provisions in the RFC, such as not climbing ladders, not operating a motor vehicle,

and having no concentrated exposure to vibrations or hazards. (Tr. 56). From the decision, the ALJ clearly knew that Plaintiff may experience periodic seizures in the future and accounted for them in the RFC. Thus, other than mere conjecture, Plaintiff has not shown that this additional evidence would have a reasonable possibility of changing the administrative result.

### III.  Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 28, 2021.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties